UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES HOYLE MCCARN,

v.                              Case No.      8:03-cr-405-T-24MSS
                                              8:06-cv-2201-T-24MSS

UNITED STATES OF AMERICA.

_____/

### ORDER

On November 21, 2006, Defendant McCarn signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-45).

Motion To Vacate Is Time-Barred

McCarn pled guilty to conspiracy to commit securities fraud and mail fraud in violation of 18 U.S.C. § 371 and to securities fraud in violation of 15 U.S.C. 78j(b) and 18 U.S.C. § 2.  (Doc. cr-30) Judgment was entered August 3, 2004. (Doc. cr-30) McCarn appealed.  (Doc. cr-31)  On June 21, 2005, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss the appeal based on a valid appeal waiver "contained in the plea agreement." (Doc. cr-43).

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective.

That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997); United States v. Dorsey, 988 F.Supp. 917, 919 (D. Md. 1998) ("In this case, this means that Dorsey had one year from October 7, 1996, -- the date on which the Supreme Court denied certiorari, in which to file his 2255 motion.").

However, when a defendant does not petition for certiorari, his conviction does not become "final" for purposes of section 2255 until the expiration of the 90-day period for seeking certiorari. See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir.) A review of the United States Supreme Court online docket and the Westlaw legal data base shows that McCarn did not file a petition for writ of certiorari. Therefore, McCarn's judgment became "final" when the possibility of further direct appellate review was exhausted, 90

days from the entry of judgment. That date was September 19, 2006,[1] and McCarn had until September 20, 2006, to file a timely section 2255 motion to vacate. McCarn did not sign the present motion to vacate until November 21, 2006. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

McCarn has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That McCarn's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-45) is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against McCarn in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,

---

[1] In accordance with Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari runs from the date of judgment or rehearing, not from the date of the mandate. The date of judgment in the Eleventh Circuit was June 21, 2005, the same date as the mandate in the present case.

' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 27, 2006.

SUSAN C. BUCKLEW
United States District Judge


AUSA:  Rachelle DesVaux Bedke
Pro se:  James Hoyle McCarn